ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 21 2002
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| BERNICE E. RAINS and ANITA HYCHE RAINS, <br><br> Plaintiffs, <br><br> vs. <br><br> JANI-KING OF NASHVILLE, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil No. 3:01-CV-1778-H ) ) ) ) ) / |

### PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs, BERNICE E. RAINS and ANITA L. HYCHE-RAINS (hereinafter collectively "the Rainses"), through undersigned counsel and pursuant to Rule 37, Fed. R. Civ. P., move to compel the production of documents responsive to the following requests and submit a separate brief in support:

**Request no. 4.** All correspondence to or from JKN concerning or related to the Rainses, the Contract or its performance and/or customers presently or previously serviced by the Rains franchise.

**Response**: Jani-King objects to this request because it seeks to invade the attorney-client, work product, and consulting expert privileges. Jani-King further objects to this request because it seeks information that is confidential and proprietary. Additionally, Jani-King objects to this request because it is overly broad and because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Jani-King will produce all

responsive non-privileged documents pertaining to the Rainses, their Franchise Agreement, their performance under the Franchise Agreement, and Jani-King's past or present customers that were, or are, serviced by the Rainses, for the period during which they were serviced by the Rainses, at a mutually convenient time and place.

**Reply**: The documents produced are limited to the period during which the Rainses performed services for the respective customers. However, the Rains' claim of deceptive practices concerns the actions of JKN in diverting those customers to other franchisees ("churning accounts"). That practice is established by tracking the customer through the various franchisees taken on and off the account, including the correspondence or other communications JKN has directly with the customer and the franchisee purporting to justify these multiple transfers.

**Request no. 5**. Your entire file relating to the Rains franchise, the Contract and all customers presently or previously serviced by the Rains franchise.

**Response**: Jani-King objects to this request because it seeks to invade the attorney-client, work product, and consulting expert privileges. Jani-King further objects to this request because it seeks information that is confidential and proprietary. Additionally, Jani-King objects to this request because it is vague and overly broad, and because it seeks information [that] is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Jani-King will

**Plaintiffs' Motion to Compel** 2
**Production of Documents**

produce all non-privileged responsive documents pertaining to the Rainses, their Franchise Agreement, their performance under the Franchise Agreement, and Jani-King's past or present customers that were, or are, being serviced by the Rainses, for the period during which they were serviced by the Rainses, if any, at a mutually convenient time and place.

**Reply**: Plaintiffs incorporate their reply to request number 4 and add that JKN maintains files on each customer and franchisee. Those internal files document JKN's contacts with those customers and franchisees and would further support the Rains' churning claim.

**Request no. 6.** All e-mail between, among and/or copying JKN and/or any affiliates of JKN, their employees, officers, directors, agents or representatives, concerning or related to the Rainses, the Contract or its performance and/or customers presently or previously serviced by the Rains franchise.

**Response**: Jani-King objects to this request because it seeks to invade the attorney-client, work product, and consulting expert privileges. Jani-King further objects to this request because it seeks information that is confidential and proprietary. Additionally, Jani-King objects to this request because it is overly broad and because it seeks information [that] is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Jani-King will produce all non-privileged responsive documents pertaining to the Rainses, their Franchise Agreement, their performance under the Franchise Agreement, and Jani-King's

past or present customers that were, or are, being serviced by the Rainses, for the period during which they were serviced by the Rainses, if any, at a mutually convenient time and place.

**Reply**: Plaintiffs incorporate their reply to request number 4 and add that JKN frequently communicates by e-mail.

**Request no. 10**. Documents sufficient to identify the names and addresses of all past and current Operations Managers who worked for or with JKN in the Nashville area since JKN's opening in the Nashville area.

**Response**: Jani-King objects to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Jani-King objects to this request because it is overly broad. Subject to and without waiving the foregoing objections, Jani-King will identify all past and current Operations Managers, including last known address and telephone number, from the date of inception of the Rains' Franchise Agreement to the present, at a mutually convenient time and place.

**Reply**: JKN produced an incomplete list of Operations Managers and suggested that the Rainses supply any names they believe are missing from the list. The Rainses seek documents sufficient to identify these individuals, including readily available payroll records, so that they do not have to rely on their memory (if they even had contacts with those who were not there long) to determine which of the Operations Managers are not listed and to identify those Operations Managers working at the Nashville office at its 1993 inception that left before the Rainses purchased the franchise in 1997.

**Request no. 11**. Documents sufficient to identify the names and addresses of all past and current CSRs who worked for or with JKN in the Nashville area since JKN's opening in the Nashville area.

**Response**: Jani-King objects to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Jani-King objects to this request because it is overly broad. Furthermore, Jani-King objects to this request because Plaintiffs' use of the term "CSRs" renders this request vague, ambiguous, and unintelligible.

**Reply**: JKN produced an incomplete list of Customer Service Representatives and suggested that the Rainses supply any names they believe are missing from the list. The Rainses seek documents sufficient to identify these individuals, including readily available payroll records, so that they do not have to rely on their memory (if they even had contacts with those who were not there long) to determine which of the Customer Service Representatives are not listed and to identify those Customer Service Representatives working at the Nashville office at its 1993 inception that left before the Rainses purchased the franchise in 1997.

**Request no. 13**. All documents reflecting or relating to complaints received by clients serviced by the Rains franchise and all notes, tabulations and/or memoranda concerning JKN's review and/or follow-up thereto.

**Response**: Jani-King objects to this request because it seeks information protected from discovery by the attorney-client, work product, and consulting

**Plaintiffs' Motion to Compel**        5
**Production of Documents**

expert privileges. Jani-King also objects to this request because it is overly broad. Subject to and without waiving the foregoing objections, Jani-King will produce all responsive non-privileged documents that pertain to the period during which each particular Jani-King client was serviced by the Rainses, if any, at a mutually convenient time and place.

**Reply**: Plaintiffs incorporate their reply to request number 4 and add that JKN tracks complaints and, pursuant to the Franchise Agreement, is obligated to pass on those complaints to franchisees when received. Documents tracking this information and the follow-up concerning these complaints should be readily available and will further establish the account churning practices of JKN, i.e., transfer of customers even though the franchisee is not terminated for non-performance.

Plaintiffs also move to compel the disclosure of all documents listed on Defendant's privilege log, attached to the Appendix as tab 2, due to Defedant's failure to disclose sufficient information to support any such privilege and further due to the JKN's use of in-house counsel to communicate with franchisees and staff concerning ongoing business issues. Plaintiffs further move to comple the disclosure of all documents not logged, i.e., attorney-client, work product and "consulting expert privilege[d]," other than correspondence with litigation counsel after the case was filed (to which the parties agreed would not require logging).

WHEREFORE, Plaintiffs, BERNICE E. RAINS and ANITA L. HYCHE-RAINS, respectfully request that this Court order JANI-KING OF NASHVILLE, INC. to produce all documents responsive to Request for Production of

Documents numbers 4, 5, 6, 9 and 13, including all documents listed on the privilege log as well as those not listed ("consulting expert privileged" and post-litigation with in-house counsel), forthwith, or in the alternative, conduct an *in camera* inspection of the logged documents to determine whether a privilege applies.

Respectfully submitted,

/s/ Lawrence V. Ashe
LAWRENCE V. ASHE
*Admitted Pro Hac Vice*
ZACK KOSNITZKY, P.A.
*Lead Counsel for Plaintiffs*
Bank of America Tower
100 S.E. 2nd Street, Suite 2800
Miami, Florida 33131-2144
Telephone: (305) 357-8420
Facsimile: (305) 357-8520
e-mail: lva@zacklaw.com

And

DAENA GOLDSMITH RAMSEY
State Bar No. 08093970

SCHELL, QUILLIN, MITCHEL & COOLEY, L.L.P.
*Local Counsel for Plaintiffs*
14185 Dallas Parkway, Suite 1000
Dallas, Texas 75240
(214) 665-2000
(214) 754-0060

ATTORNEYS FOR PLAINTIFFS BERNICE E. RAINS AND ANITA HYCHE-RAINS

## CERTIFICATE OF CONFERENCE

On February 26, 2002, the undersigned conferred with David Cabrales, counsel for Defendant regarding the resolution or compromise of its objections, we followed up that conference with letters the next day and a further telephone conference on February 28, 2002 after consulting with our respective clients. On or about March 8, 2002, we again exchanged correspondence and supplemental discovery. The requests in the foregoing motion are those items on which the parties could not reach agreement.

_____
Lawrence V. Ashe

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiffs' Motion to Compel Production of Documents, and Brief in Support was furnished by facsimile and U.S. mail this 20th day of March, 2002, to DAVID G. CABRALES, ESQ., and JASON S. LEWIS, ESQ., Locke Liddell & Sapp, LLP, Attorneys for Defendants, 2200 Ross Avenue, Suite 2200, Dallas, TX 75201-6776.

_____
LAWRENCE V. ASHE